**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| ANGELO SILLETTI, | : | |
| | : | Civil Action |
| Plaintiff, | : | 06-3713 (FLW) |
| | : | |
| v. | : | **O P I N I O N** |
| | : | |
| OCEAN COUNTY DEPARTMENT | : | |
| OF CORRECTIONS et al., | : | |
| | : | |
| Defendants. | : | |

**APPEARANCES:**

    ANGELO SILLETTI, Plaintiff pro se
    #J0758
    Ocean County Jail
    Toms River, NJ 08754

**FREDA L. WOLFSON, District Judge**

    Plaintiff ANGELO SILLETTI (hereinafter "Plaintiff") currently confined at the Ocean County Jail, Toms River, New Jersey (hereinafter "Facility"), seeks to bring this 42 U.S.C. § 1983 action in forma pauperis without prepayment of fees pursuant to 28 U.S.C. § 1915. Plaintiff submitted his (1) affidavit of indigence and institutional account statement pursuant to 28 U.S.C. § 1915(a)(1998); and (2) his complaint (hereinafter "Complaint"). Based on his affidavit of indigence and the absence of three qualifying dismissals within 28 U.S.C. § 1915(g), the Court will grant

Dockets.Justia.com

Plaintiff's application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) (1998) and order the Clerk of the Court to file the Complaint.

## BACKGROUND

The allegations contained in Plaintiff's Complaint are limited to the following statememnts:

> [The warden] has forced me to sleep on the floor 5 feet from the toilet since February 16[,] 2006 . . . . Jail is over[]crowded[.]  Jail  building  [intended]  for approx[imately] 300 inmates [is currently] housing 500.

Compl. at §§ 4, 6.

## STANDARD OF REVIEW

In 1996, Congress enacted the Prison Litigation Reform Act ("PLRA"), Title VIII of the Omnibus Consolidated Rescissions and Appropriations Act of 1996, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).  Congress's purpose in enacting the PLRA was "primarily to curtail claims brought by prisoners under 42 U.S.C. § 1983 and the Federal Tort Claims Act . . . many of which are routinely dismissed as legally frivolous."  Santana v. United States, 98 F.3d 752, 755 (3d Cir. 1996).  A crucial part of the congressional plan for curtailing meritless prisoner suits is the requirement, embodied in 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), that a court must dismiss, at the earliest practicable time, any prisoner actions that are frivolous or malicious, fail to state a

claim, or seek monetary relief from immune defendants. However, in determining the sufficiency of a complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. See Haines v. Kerner, 404 U.S. 519 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). The Court should "accept as true all of the allegations in the complaint and reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). The Court need not, however, lend credit to a pro se plaintiff's "bald assertions" or "legal conclusions." Id. Thus, "[a] pro se complaint may be dismissed for failure to state a claim only if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)).

## DISCUSSION

**A.   Section 1983 Claim Requirements**

To state a claim under 42 U.S.C. § 1983, a plaintiff must meet two threshold requirements. He must allege: (1) that the alleged conduct was committed by a person acting under color of state law; and (2) as a result, the plaintiff was deprived of rights, privileges, or immunities secured by the Constitution or laws of the United States. See West v. Atkins, 487 U.S. 42 (1988); Parratt

v. Taylor, 451 U.S. 527, 535 (1981), overruled in part on other grounds, Daniels v. Williams, 474 U.S. 327, 330-331 (1986). Since there appears to be no doubt that Defendants' actions in the case at bar were done under color of state law, the Court's analysis is limited solely to the second prong of the inquiry.

**B.    Eighth Amendment Requirements**

Liberally construing Plaintiff's Complaint, the Court reads Plaintiff's allegation as a claim that the Facility's practice of housing one extra detainee in a cells, e.g., two detainees in a cell designed for one prisoner ("double-celling"), or three detainees in a cell designed for two inmates ("triple-celling"),[1] is a violation of Plaintiff's Eighth Amendment rights.

The Eighth Amendment prohibits infliction of cruel and unusual punishment, thus mandating prison officials to provide humane conditions of confinement. The Constitution, however, "does not mandate comfortable prisons," Rhodes v. Chapman, 452 U.S. 337, 349

---

[1] Since Plaintiff's Complaint does not clarify whether Plaintiff has been subject to double- or triple-celling, see generally, Compl., and the legal analysis is not affected by the "double-celling/triple-celling" distinction, this Court uses the term "triple-celling" to describe the practice. The nature of the practice can be summarized as following: "the newest arrival is required to sleep on a mattress on the floor until one of his cellmates is released or moved. That frees a bunk for the inmate who had been on the floor mattress, and any new arrival in that cell would then take his place on the floor mattress. . . . The [floor] mattress can be placed under the lower bunk during the day." See Hubbard v. Taylor, 399 F.3d 150, 154 (3d Cir. 2005).

(1981), and prison officials must merely ensure that inmates receive adequate food, clothing, shelter and medical care, plus must "take reasonable measures to guarantee the safety of the inmates." Farmer v. Brennan, 511 U.S. 825, 832 (1994) (quoting Hudson v. Palmer, 468 U.S. 517, 526-27 (1984)). To state a claim under the Eighth Amendment, an inmate must allege both objective and subjective components. See Wilson v. Seiter, 501 U.S. 294, 298 (1991). The objective component mandates that "only those deprivations denying 'the minimal civilized measure of life's necessities' . . . are sufficiently grave to form the basis of an Eighth Amendment violation," Helling, 509 U.S. at 32 (quoting Rhodes v. Chapman, 452 U.S. 337, 346 (1981)), hence requiring that the deprivation sustained by a prisoner be "extreme deprivations." Hudson v. McMillian, 503 U.S. 1, 9 (1992). The subjective component requires that the state actor have acted with "deliberate indifference," that is, with a state of mind equivalent to a reckless disregard of a known risk of harm. See Farmer, 511 U.S. at 835; Wilson, 501 U.S. at 303. In sum, an inmate may satisfy (1) the objective component by showing that he was deprived of "the minimal civilized measure of life's necessities," such as adequate food, clothing, shelter, sanitation, medical care and personal safety, Rhodes v. Chapman, 452 U.S. at 347-48; Young v. Quinlan, 960 F.2d 351, 364 (3d Cir. 1992), and (2) the subjective component by demonstrating that prison officials knew of such substandard

conditions or treatment and "acted or failed to act with deliberate indifference to a substantial risk of harm to inmate health or safety." Ingalls v. Florio, 968 F. Supp. 193, 198 (D.N.J. 1997).

**C.   Requirements Associated with "Condition of Confinement" Claims**

In the case at bar, Plaintiff's allegations are limited to the fact that Plaintiff had to " sleep on the floor five feet away from the toilet" over the last four and a half month. See Compl. at 5.[2] However, the case law clearly indicates that only those triple-celling practices that led to an injury (or created a palpable threat of an injury) to the inmate's health or life may give rise to a valid Eighth Amendment claim.  For instance, if an inmates has to sleep on the floor by the toilet in a  very small cell, with windows so small that it is difficult to summon help, and these conditions result in rapes and assaults, such housing "can amount to an Eighth Amendment violation." Nami v. Fauver, 82 F.3d 63, 66-67 (3d Cir. 1996); accord Liles v. Camden County Dep't of Corrections, 225 F. Supp. 2d 450, 462 (D.N.J. 2002) (denying the defendants' motion for summary judgment on the allegation that fighting broke out when inmates were splashed with urine as they

---

[2] While the Court received Plaintiff's Complaint on August 8, 2006, see Docket Entry No. 1, it appears that Plaintiff's Complaint was executed on July 1, 2006, see Compl. § 8, and, therefore, this Court has information about Plaintiff's housing conditions only up to July 1, 2006.

slept on the floors of their cells next to the toilets).

Similarly, a violation may be found if the triple-celling is accompanied by other substandard conditions, for instance, poor "repair and functioning of basic physical [prison] facilities such as plumbing, ventilation and showers, . . . food, medical care, sanitation, control of vermin, lighting, heating, ventilation, noise level, bedding, furniture, education and rehabilitation programs, safety and security and staffing." Tillery v. Owens, 907 F.2d 418, 427 (3d Cir. 1990). Applying these guidelines, the Tillary court found an Eighth Amendment violation where the inmates slept on bunk beds, and the other conditions at the prison included overcrowded spaces in which the inmates spent the vast majority of their time, bad lighting, rampant assault due to understaffing of prison personnel, little to no cleaning, a major vermin problem, inadequate plumbing, unsanitary and unsupervised showers, inadequate fire safety, and deficient medical and psychiatric treatment. See id. at 422-24.

Conversely, a non-discriminatory practice of temporary triple-celling does not amount to cruel and unusual punishment. See North v. White, 152 Fed. Appx. 111 (3d Cir. 2005)(finding no Eighth Amendment violation where, due to a temporary influx of inmates, the facility resorted to triple-celling of one-third of inmates, since the facility was otherwise well maintained; and ventilation, light, sanitation and food met applicable minimal standards);

Hubbard v. Taylor, 399 F.3d 150 (3d Cir. 2005) (conducting a nearly-identical inquiry with respect to pre-trial detainees under the Due Process Clause and finding that *two-to-seven-month* of *triple*-celling in a cell *designed for one* did not constitute a violation, and relying on Bell v. Wolfish, 441 U.S. 520 (1979), the case where no violation was found with respect to 30-to-60-days confinement of two inmates in a cell designed for one); see also Brookins v. Williams, 402 F. Supp. 2d 508 (D. Del. 2005) (finding no constitutional violation where, over the period of five days, an inmate was placed in a cell with two other inmates, forced to eat near the toilet, and prohibited to exercise).

**D.   Application of the Eighth Amendment Test to Plaintiff's Case**

In the case at bar, Plaintiff expressly acknowledges that the Facility is 166% overcrowded, thus, indicating that the triple-celling practice is a result of Facility officials' need to handle the problem. See Compl. § 6. Moreover, Plaintiff's Complaint is silent as to any alternative bedding arrangements being available to--but not used by--the Facility officials, or as to any substandard physical conditions of confinement. See generally, Compl.  Finally, Plaintiff does not allege that Plaintiff was either singled out for this triple-celling practice, or that his health or life is or was endangered by these conditions. See id.

In sum, Plaintiff is simply disappointed with the sole fact that the triple-celling practice of the Facility was applied to Plaintiff.  See id. § 5 ("[Plaintiff] ask[s] every[ ] day to be moved").  However, the sole fact of Plaintiff's disappointment with being a subject of the Facility's triple-celling practice cannot amount to a cruel and unusual punishment since a prison-wide practice of triple-celling neither deprives Plaintiff of "the minimal civilized measure of life's necessities," nor indicates that prison officials "acted . . . with deliberate indifference to a substantial risk of harm to [Plaintiff's] health or safety." Compare Fuentes v. N.J. Office of the Pub. Defenders, 2006 U.S. Dist. LEXIS 1147 (D.N.J. Jan. 11, 2006) (finding that a violation could exist where the inmates were forced to sleep on thin plastic mattresses on a cold and filthy concrete floor, with poor ventilation and in unsanitary conditions, and these conditions led to spread of infections and disease).  Hence, Plaintiff's conditions of confinement allegations fail to state a claim upon which relief may be granted.

**CONCLUSION**

For the reasons stated in this Opinion, Plaintiff's application to proceed in forma pauperis is GRANTED.

Plaintiff's Complaint is DISMISSED WITH PREJUDICE for failure to state a claim upon which relief may be granted.

An appropriate Order accompanies this Opinion.


                                         s/Freda L. Wolfson
                                         **FREDA L. WOLFSON**
                                         **United States District Judge**
Date: August 15, 2006